IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Brian Anthony Davis,

    Petitioner,

vs.                          Civil Action No. 04-265E
                               Judge Sean McLaughlin
                               Magistrate Judge Baxter

United States Congress, **et al.**,

    Respondents.
_____/

## PETITIONER'S OBJECTION TO THE
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Brian Davis ("Davis"), proceeding pro se, respectfully submit his objection to the Magistrate judge's Report and Recommendation of December 2, 2005 in the above civil matter.

Petitioner premise his objection on the following:

### OBJECTION

Magistrate judge Honorable Susan Paradise Baxter, in a report filed December 2, 2005, recommended that Davis' petition under 28 U.S.C. § 2241, currently pending before this court, be dismissed because the court lacks subject matter jurisdiction over the claims raised by Davis. In support of this recommendation, Magistrate judge Baxter observed that "because [Davis'] claims challenge the imposition of his sentence, rather than the execution of his

1

sentence, a habeas corpus petition filed under § 2241 is not the appropriate vehicle." R.R. at 2.

Contrary to the Magistrate's findings, Davis' petition does not challenge the imposition of his sentence, but rather the constitutionality of the statutory distinction between 21 U.S.C. § 841(b)(1)(A)(ii) and § 841(b)(1)(A)(iii) on equal protection grounds; that Davis' Fifth Amendment right to substantive due process has been violated by Congress' policy of incarcerating drug offenders; and that Davis is in custody in violation of the Constitution as demonstrated by the Supreme Court in deciding the consolidated cases of United States v. Booker and United States v. Fanfan, 125 S.Ct. 738. see, Rivers v. Roadway Express, 128 LEd.2d 274, 278 (1994) ([W]hen the United States Supreme Court construes a statute, the Supreme Court is explaining its understanding of what the statute has meant continuously since the date when the statute became law). These claims advanced by Davis undoubtedly speaks to the execution of his sentence as oppose to the imposition of his sentence, which in turn places them within the purview of Preiser v. Rodriguez, 411 U.S. 475, 36 LEd.2d 439 (1973) (holding that, "... when a ... prisoner challenges the very fact or duration of his physical imprisonment, and seeks immediate or speedier release from imprisonment, his sole federal remedy is a writ of habeas corpus ..."); see also, Chatman-Bey v. Thornburgh, 864 F.2d 804, 809 (D.C. Cir. 1988) (en banc) (habeas corpus is the exclusive remedy for a federal prisoner bringing any claim that would have a "probabilistic impact" upon the duration of his custody); Razzoli v. Federal Bureau of Prisons, 230 F.3d 371,

2

373 (D.C. Cir. 2000) (for a federal prisoner, habeas is indeed exclusive remedy even when a non-habeas claim would have a merely probabilistic impact on the duration of custody).

Davis' claims challenging Congress' action as unconstitutional in light of the equal protection and substantive due process components of the Fifth Amendment are not cognizable in a petition under 28 U.S.C. § 2244 or § 2255. It is simply the right to be treated equally under the law vis-a-vis those similarly situated to him as guaranteed by the Constitution and putting the government to the burden of showing this court that its policy of incarcerating drug offenders is narrowly tailored to meet compelling interests that is the gravamen of Davis' claims; not the manner in which his sentence has been imposed.

With the exception of section 3A, B, and C of Davis' habeas petition which allude to various aspect of his underlying criminal case merely to establish a basis for his Sixth Amendment claim in light of Booker, the claims raised by Davis in sections 1A and 2A of his petition makes no mention of the facts or evidence underlying his conviction or the imposition of his sentence because those elements, per se, do not support the merits of his substantive due process and equal protection claims. For this reason, the Magistrate's recommendation that this court lacks subject matter jurisdiction over Davis' claims is misplaced.

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, Davis respectfully urge this Honorable court to reject the Magistrate's Report and

Recommendation to dismiss his habeas petition on the basis that the court lacks subject matter jurisdiction to resolve the claims advanced by him, and order that this petition proceed forward on its merits.

Dated: December 9, 2005

Respectfully submitted,

Brian A. Davis (pro se)
Federal Reg.# 40427-053
FCI - McKean
P.O. Box 8000
Bradford, P.A. 16701-0980

### CERTIFICATE OF SERVICE

I, Brian Davis, hereby certify that on this 9th day of December, 2005, I served via First Class U.S. Mail a true and correct copy of the foregoing OPPOSITION TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION upon the following attorney for the government:

Ms. Christy C. Wiegand
Assistant U.S. Attorney
U.S. Courthouse and Post Office
700 Grant Street, Suite 400
Pittsburgh, PA 15219

Brian A. Davis (pro se)
Reg.# 40427-053