HPS-57 (April 2006)                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-5533

BRIAN ANTHONY DAVIS,
Appellant

vs.

U.S. CONGRESS; WARDEN JAMES SHERMAN

On Appeal From the United States District Court
For the Western District of Pennsylvania
(W.D. Pa. Civ. No. 04-00265E)
District Judge: Honorable Sean McLaughlin

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
April 21, 2006
Before: SCIRICA, CHIEF JUDGE, WEIS AND GARTH, CIRCUIT JUDGES
(Filed:  May 9, 2006)

OPINION

PER CURIAM.

       Brian Anthony Davis, a federal prisoner currently incarcerated at FCI-McKean, appeals pro se from an order of the United States District Court for the Western District of Pennsylvania dismissing his habeas corpus petition for lack of jurisdiction.  In 1994, Davis was convicted by a Texas jury of possession with intent to distribute cocaine

1

base and conspiracy. Davis was sentenced to life imprisonment for the cocaine conviction and, concurrently, to five years for conspiracy. Davis's convictions and sentences were affirmed on direct appeal. In 1997, Davis filed a motion to vacate sentence under 28 U.S.C. § 2255, raising ineffective assistance of counsel claims. The sentencing court denied that motion, and Davis's request for a certificate of appealability was denied by the Fifth Circuit Court of Appeals.

In 2004, Davis filed a habeas corpus petition pursuant to 28 U.S.C. § 2241 in the District Court, challenging his convictions and sentences on due process and equal protection grounds. Davis also asserted a claim based on Blakely v. Washington, 542 U.S. 296, 303-04 (2004), which held that the State of Washington's determinate sentencing scheme violated the Sixth Amendment right to a jury trial by permitting the imposition of sentence enhancements based on facts found by a judge, using a less stringent standard of proof than that used by a jury.[1] Over Davis's filed objections, the District Court adopted the Magistrate Judge's Report and Recommendation and dismissed Davis's § 2241 petition for lack of jurisdiction.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. After a

---

[1] Since Davis filed his petition, the Supreme Court decided United States v. Booker, 543 U.S. 220, 243-44 (2005), which applied the Blakely rule to the federal Sentencing Guidelines, making them advisory rather than mandatory. As Booker is the more appropriate precedent for a federal sentencing challenge, we will refer to Davis's claim as arising under "Blakely/ Booker."

careful review of the record, we conclude that the appeal presents "no substantial question." We will, therefore, summarily affirm the District Court's judgment pursuant to Third Cir. LAR 27.4 and I.O.P. 10.6.

Section 2255 is the presumptive means for a federal prisoner to challenge his sentence or conviction. Davis v. United States, 417 U.S. 333, 343 (1974). We have held that a federal prisoner can seek collateral relief via habeas corpus under § 2241 in the rare situation where § 2255's scope or procedure makes it "inadequate or ineffective" to challenge a conviction or sentence. See In re Dorsainvil, 119 F.3d 245, 248 (3d Cir. 1997). However, this "safety-valve" provision of § 2255 applies only in narrow circumstances. See id. at 252. Section 2255 is not "inadequate or ineffective" merely because the petitioner was denied relief in a previous § 2255 proceeding or is unable to meet the stringent gatekeeping requirements of § 2255. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538-39 (3d Cir. 2002) (per curiam).

Davis contends that his equal protection and due process challenges focus on Congress's legislative action in passing the laws under which he was convicted and sentenced, rather than on his particular convictions and sentences. See Objections to Report and Recommendation at 3. Such claims, Davis argues, are not cognizable in a motion filed under § 2255 and must be brought via § 2241. See id. Alternatively, Davis asserts that his claims challenge the execution of his sentence, as opposed to its imposition, thereby making § 2241 appropriate. See id. at 2.

Notwithstanding the sweeping language in his constitutional arguments,

3

Davis's claims clearly embody the "essence of habeas corpus," as they attack the legality of his custody and seek to secure his immediate release. See Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Further, as the District Court observed, Davis's claims challenge the validity and imposition of his sentence, rather than the manner in which it is being carried out, making them inappropriate for § 2241. Cf. Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001). Finally, we agree with the District Court that Davis is not entitled to use § 2241 as a vehicle for his Blakely/ Booker claim merely because he would be barred from raising such a claim in a second § 2255 motion. See Cradle, 290 F.3d at 538 ("[i]t is the inefficacy of the remedy, not the personal inability to use it, that is determinative").[2]

> For these reasons, we agree with the District Court's refusal to entertain Davis's petition. We will, therefore, summarily affirm the District Court's judgment. Davis's motion for the appointment of counsel is denied.

---

[2] Davis's Blakely/ Booker claim also falls outside the "safety-valve" provision of § 2255, because neither Blakely nor Booker de-criminalized the conduct underlying Davis's convictions. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002).